KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
HOWARD WEITZMAN (SBN 38723)
  hweitzman@kwikalaw.com
PATRICIA A. MILLETT (SBN 150756)
  pmillett@kwikalaw.com
LAURA D. CASTNER (SBN 172362)
  lcastner@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendant Bethenny Frankel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RAW TALENT, INC., a California corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>BETHENNY FRANKEL, an individual; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. CV11-06577 DSF (FMOx)<br><br>~~JOINT STIPULATION AND [PROPOSED]~~ **PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**<br><br>NOTE CHANGES MADE BY THE COURT. |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

10619.00002/109244.1

Plaintiff Raw Talent, Inc. and Defendant Bethenny Frankel, by and through their respective counsel of record, stipulate to and jointly request that the Court enter a Protective Order in this action as follows:

**GOOD CAUSE STATEMENT:**

This action arises out of an alleged oral talent management agreement between Plaintiff Raw Talent, Inc. and Defendant Bethenny Frankel. Raw Talent contends, among other things, that Ms. Frankel promised to pay it a ten percent commission from all gross earnings Ms. Frankel received or earned on any agreement, arrangement, or project in which negotiations had commenced between August and November 2008, when Raw Talent claims it was her manager.

This action will resolve Raw Talent's claims that it is entitled to a commission on the March 2011 sale of assets of Skinny Girl Cocktails LLC, a private limited liability company. Raw Talent alleges that Ms. Frankel breached the oral contract by failing to pay Raw Talent a commission in connection with the Skinny Girl asset sale, and that it is owed $12 million based on that sale. Ms. Frankel denies that the alleged oral agreement was ever made, and further contends that Raw Talent has no right to compensation because it was not involved in the transaction which it seeks to commission.

Discovery in this lawsuit will involve numerous sensitive documents and highly confidential information. For example, Raw Talent has requested extensive documents and information pertaining to the sale of Skinny Girl Cocktails LLC's assets to Jim Beam Brands Co., including confidential agreements and draft agreements. Terms of the asset sale, including the sale price, have not been publicly disclosed by any of the parties to the transaction, and disclosure is restricted by a confidentiality agreement.

As another example, Raw Talent seeks extensive documents and information concerning the formation, structure and personnel of Skinny Girl Cocktails LLC, and regarding its business and finances. Raw Talent also seeks detailed financial

information regarding Ms. Frankel's past, current, and anticipated future compensation relating to the sale of Skinny Girl Cocktails LLC's assets.

The information sought by Plaintiff is highly confidential, has not been publicly disclosed, includes private financial information of Ms. Frankel, Jim Beam Brands Co. and non-party Skinny Girl Cocktails LLC, and sensitive business information such as the marketing strategy, product roll-out plans, and information regarding product formulas, suppliers, distributors, etc., for Skinnygirl cocktail products, which is of critical importance in the very competitive ready-to-drink cocktail market.

In addition, the personnel information and financial information that Plaintiff seeks implicates the privacy rights of third parties as well as Ms. Frankel.

The agreements, draft agreements, communications, projections, business plans, product development and marketing plans, and financial information and projections contain confidential, proprietary information that has not been disseminated to the public at large and has been the subject of reasonable efforts by the respective parties to maintain its secrecy.

Special protection from the public disclosure of this confidential, proprietary information is warranted in order to prevent the use of such information for purposes not related to this litigation. By way of example only:

(a) disclosure of confidential information concerning the Skinny Girl asset sale will prejudice Ms. Frankel's and Jim Beam Brands Co.'s (and its related entities') competitive position and ability to develop and market new products, including in the ready-to-drink cocktail market;

(b) confidential information regarding development, marketing, manufacture, distribution and sales of Skinnygirl cocktail products constitutes trade secrets and confidential business information, disclosure of which will prejudice Ms. Frankel's and Jim Beam Brands Co.'s (and its related entities') competitive position and ability to develop and market new products, including in the ready-to-drink cocktail

market;

(c) disclosure of confidential information, communications and documents, including draft agreements and agreements, regarding the Skinny Girl Cocktails LLC asset sale implicates Ms. Frankel's and Jim Beam Brands Co.'s (and its related entities') privacy rights, as well as Ms. Frankel's confidentiality obligations under the agreements, and would be detrimental to the competitive market position of Ms. Frankel, Jim Beam Brands Co. (and its related entities), and the Skinnygirl product line;

(d) disclosure of Ms. Frankel's and third-party Skinny Girl Cocktails LLC's financial information implicates their financial privacy rights; and as to Ms. Frankel, is likely to impact her ability to further develop other Skinnygirl product lines and/or other businesses;

(e) disclosure of information regarding Skinny Girl Cocktails LLC's personnel implicates the privacy rights of Ms. Frankel and third parties.

The parties cannot reasonably anticipate all information that will be requested and produced in this action, and must therefore reserve the right to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any such document or category of information which they in good faith believe is entitled to the designation even if not expressly mentioned herein.

Given the foregoing, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

**PROTECTIVE ORDER:**

1. Given the nature of the claims alleged herein, Raw Talent and Frankel (referred to individually as a "Party" or collectively as the "Parties") anticipate that certain private personal and/or proprietary business information and documents may be produced during discovery in this action. In order to facilitate the fair and efficient completion of pretrial discovery while at the same time protecting the Parties' and any Third Party's rights in confidential materials and minimizing the

need for judicial intervention in the discovery process, the Parties have agreed to the terms of this Protective Order.

    1.1    The Parties and Third Parties have a strong interest in maintaining strict confidentiality regarding private personal and/or competitively sensitive information. Accordingly, the protection of this Order may be invoked with respect to the following information that a Party or Third Party maintains in confidence (collectively, the "Confidential Information"):

    a.    ~~As a general guideline, information or materials that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties, and which qualify for protection under Federal Rule of Civil Procedure 26(c), in that their disclosure would subject a party to annoyance, embarrassment, oppression, or undue burden or expense. Such information may include, without limitation, communications, negotiations, contracts, and other documents pertaining to Ms. Frankel's career, business and/or professional opportunities;~~

    b.    Information that constitutes a "trade secret" in accordance with the Uniform Trade Secrets Act, including a formula, pattern, compilation, program, device, method, technique, or process that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Such information would include, without limitation: product formulas/recipes; customer lists; supplier lists; and distributor lists;

    c.    Information that reflects non-public business or financial strategies, and/or confidential competitive information. Such information would include, without limitation: contracts, negotiations, memoranda, correspondence and other information regarding corporate structure, organization, acquisitions or other

transactions, *e.g.*, of Skinny Girl Cocktails LLC, and pertaining to the sale of assets of Skinny Girl Cocktails LLC; contracts, bids and negotiations for materials; contracts, bids and negotiations with suppliers, manufacturers, distributors, retailers, etc.; product development plans and/or schedules; business plans and/or schedules; marketing strategy plans and/or reports; market surveys; and information regarding product sales.

      1.2    Information that is subject to federal or state privacy rights, including private consumer, personal and/or financial information. Such information would include, without limitation, information pertaining to revenues, profits, losses, compensation, financial projections, tax-related information, and personnel files/information. The protection of this Order may also be invoked by any Party or Third Party with respect to any extremely sensitive Confidential Information disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. ("Highly Confidential—Attorneys' Eyes Only").

      2.    Any and all documents or writings (as defined in Rule 1001 of the Federal Rules of Evidence) containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be designated by placing on each page of it, by means of a rubber stamp or otherwise, the notice "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or words substantially to that effect) in a manner that will not interfere with the legibility of the documents.

      3.    Counsel for the designating Party or Third Party may designate deposition testimony or exhibits concerning or containing Confidential or Highly Confidential – Attorneys' Eyes Only Information by indicating on the record at the deposition that the testimony is confidential. When an exhibit containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is introduced at a deposition, the reporter shall mark the face of the

1  transcript with "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS
2  CONFIDENTIAL (or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY)
3  – SUBJECT TO PROTECTIVE ORDER." Counsel shall ensure that exhibits and
4  portions of transcripts designated as Confidential Information or Highly
5  Confidential – Attorneys' Eyes Only Information are redacted or removed from
6  transcripts before the transcripts are provided to any person not permitted to receive
7  the Information under this Order. If a Party or Third Party wishes to designate
8  documents, testimony or exhibits as Confidential or Highly Confidential –
9  Attorneys' Eyes Only Information after a deposition is concluded, it may do so by
10 notifying counsel for the Parties in writing of the documents, testimony or exhibits
11 that it wishes to treat as Confidential or Highly Confidential – Attorneys' Eyes Only
12 Information and, upon receipt of the notice, the Parties thereafter shall treat the
13 information as Confidential or Highly Confidential – Attorneys' Eyes Only
14 Information in accordance with this Order, *provided, however*, that any disclosure of
15 the Information before receipt of the notice shall not be deemed a violation of this
16 Order.
17      Transcripts containing Confidential Information or Highly Confidential
18 – Attorneys' Eyes Only Information shall have an obvious legend on the title page
19 that the transcript contains Confidential Information or Highly Confidential –
20 Attorneys' Eyes Only, and the title page shall be followed by a list of all pages
21 (including line numbers as appropriate) that have been designated as protected
22 material and the level of protection being asserted by the designating Party. The
23 designating Party shall inform the court reporter of these requirements.
24      4.   Confidential and Highly Confidential – Attorneys' Eyes Only
25 Information shall remain in the exclusive possession of the counsel of record to
26 whom these materials are produced except as otherwise provided in this Order.
27 Confidential and Highly Confidential – Attorneys' Eyes Only Information shall be
28 used only in this litigation and shall be disclosed only to those individuals identified

in Paragraph 6 below and solely for purposes of this litigation and for no other purpose whatsoever. No Confidential or Highly Confidential – Attorneys' Eyes Only Information shall be disclosed to the media or posted on the Internet by any Party or at any Party's direction.

5. Confidential Information may be disclosed only to:

    a. The Parties' attorneys of record and their staff in this case;

    b. Officers and current employees, agents, and representatives of corporate Parties whose knowledge of the Confidential Information is necessary to enable the Parties to prepare for trial, to try this proceeding, or to engage in appellate proceedings in this case;

    c. Independent experts and consultants retained in this case by a Party or its attorneys of record;

    d. Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

    e. Any deposition deponent for purposes of a deposition held in connection with this case, where Confidential Information is relevant to a subject matter of which the deponent has personal knowledge;

    f. The authors, senders, addressees and copy recipients of the Confidential Information;

    g. The judge, jury, clerk and other personnel in the department to which this action may be assigned.

    h. Percipient witnesses called to testify at trial, where Confidential Information is relevant to a subject matter of which the deponent has personal knowledge ; and

    i. Copy services and/or similar professional vendors who provide litigation support that is reasonably necessary for this litigation.

6. The parties agree to take all available precautions to protect Highly Confidential – Attorneys' Eyes Only Information and to maintain records containing

such information in absolute secrecy and confidentiality. Highly Confidential – Attorneys' Eyes Only Information may be disclosed only to:

    a. The Parties' attorneys of record and their staff in this case;

    b. Independent experts and consultants retained in this case by a Party or its attorneys of record and to whom disclosure is reasonably necessary for this litigation;

    c. Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

    d. The authors, senders, addressees and copy recipients of the Confidential Information;

    e. The judge, jury, clerk and other personnel in the department to which this action may be assigned;

    f. Percipient witnesses called to testify at trial, where Confidential Information is relevant to a subject matter of which the deponent has personal knowledge; and

    g. Copy services and similar professional vendors who provide litigation support that is reasonably necessary for this litigation.

7. Before obtaining access to any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to this Order, the persons described in paragraph 5(c) and 6(b) must signify assent to the terms of this Order by executing the Confidentiality Agreement attached as Appendix A, indicating that he or she has read and understands this Order and agrees to be bound by its terms.

8. Any Third Party may produce documents pursuant to the protection of this Stipulation and Order provided he/she/it states in writing that the subject production is made pursuant to the terms hereof.

9. The Parties acknowledge that the procedures for filing records under seal are set forth in Rule 79-5 of the Local Rules of the Central District of

California, *et seq*. Before any material or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed orally in Court or in a writing filed in this action, the Parties will meet and confer in an attempt to reach agreement on how to reasonably avoid the need to disclose the material or information, consistent with the objectives of the party who wishes to make use of the material or information, by, for example, redacting or summarizing material. If the Parties are unable to reach an agreement, the Party seeking to submit such Confidential Information shall seek an order sealing the material in accordance with Local Rule 79-5 *et seq*.

10. This Stipulation shall be without prejudice to the rights of the Parties to apply to the Court for additional or different protection, to secure greater protection for particularly sensitive information, or for the removal of protection, if they deem it necessary to do so. Any Party may challenge a designation of Confidential and Confidential – Attorneys' Eyes Only Information at any time and nothing contained herein shall be deemed an admission that any particular document is subject to a "Confidential" or "Confidential – Attorneys' Eyes Only designation. Unless a prompt challenge to a designating Party's protection designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a protection designation by electing not to mount a challenge promptly after the original designation or redaction is disclosed. The challenging Party shall initiate the challenge process by following the discovery dispute procedures set out in Local Rule 37.

Within the initial written notice required by Local Rule 37-1 requesting a meet and confer conference with the designating Party, the challenging Party shall set forth each designation of protection it is challenging and describe the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must also recite that the challenge to confidentiality, high

1  confidentiality, or is being made according to this specific paragraph of the
2  Protective Order. This initial notice and request to meet and confer are subject to
3  the same limitations as the documents bearing the designation, to the extent they
4  reference specific information and/or language taken from such designated
5  documents. In conferring, the challenging Party must explain the basis for its belief
6  that the protection designation was not proper and must give the designating Party
7  an opportunity to review the designated material, to reconsider the circumstances,
8  and, if no change in designation is offered, to explain the basis for the chosen
9  designation. A challenging Party may proceed to the next stage of the challenge
10 process only if it has engaged in this meet and confer process first or establishes that
11 the designating Party is unwilling to participate in the meet and confer process in a
12 timely manner.
13         If the Parties cannot resolve a challenge without court intervention, the
14 challenging Party shall initiate the procedures for joint stipulation pursuant to Local
15 Rule 37-2. As with the meet and confer request and initial challenge notice, any
16 specific references to designated materials and documents and/or the information
17 contained therein must be protected from disclosure per the agreement set out
18 above, and the type of designation, unless and until the Court decides the challenged
19 issue differently. Such protection from disclosure may require submitting pleadings
20 and documents to the Court pursuant to its rules and procedures governing
21 submissions under seal.
22     11.   This Stipulation shall continue in full force and effect with respect to
23 the Confidential and Highly Confidential – Attorneys' Eyes Only Information,
24 through and until the commencement of trial. Prior to the commencement of trial,
25 the Parties will exchange lists of the exhibits which they intend to use at trial, and
26 each Party shall return to the Producing Party or destroy any information designated
27 in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
28 ATTORNEYS' EYES ONLY," which has not been designated as an exhibit to be

used at trial, and no Party, expert, consultant or any other person or entity to whom the documents were produced shall retain any copies of the Information, except that counsel of record for each party may retain a file set for record keeping/insurance purposes. The Parties understand and agree that at the time that trial commences, any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that is contained in the Court's file or subsequently presented to the Court, shall be deemed public and not confidential, unless the Court orders otherwise, and in any event, shall not be returned by the Court to the Producing Party.

12. This Stipulation is without prejudice to the right of any Party or Third Party to object to the discovery, production or admissibility of any information, document or evidence. The designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to this Stipulation shall not be construed as an admission of the relevance of the Confidential and Highly Confidential – Attorneys' Eyes Only Information in the litigation.

13. Nothing contained in this Stipulation and Protective Order shall prevent any Party or Third Party from using or disclosing its own Confidential or Highly Confidential – Attorneys' Eyes Only Information without having to comply with the terms of this Stipulation, subject, however, to any privacy limitations or restrictions that may apply (for example, HIPAA).

14. Should any person bound hereby receive a subpoena, civil investigation demand, or other process from a third party that may be construed to require the disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only Information in any form, said person shall give notice and send a copy of the subpoena or demand by fax and e-mail to the Party who designated the information that is sought no later than two business days after receiving the subpoena or demand, unless the date for production or response is not at least two days away, in

10619.00002/109244.1

12

[PROPOSED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

which case, notice and a copy of the subpoena or demand shall be provided immediately (before the scheduled response date). The Party receiving the subpoena or demand shall object to the subpoena or demand and advise the requesting party that the materials are subject to this Protective Order.

If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. Nothing in these provisions shall be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

15. The Court shall retain jurisdiction to make amendments, modifications, deletions and additions to the order pursuant to this Stipulation as the Court may from time to time deem necessary or appropriate.

16. Within 60 days after the final disposition of this action, each Party must return all Confidential or Highly Confidential – Attorneys' Eyes Only Information to the Producing Party or destroy such material (except that counsel of record for each party may retain a file set for record keeping/insurance purposes). Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

DATED: April 5, 2012     KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Howard Weitzman
Howard Weitzman
Attorneys for Defendant Bethenny Frankel

DATED: April 5, 2012     FREEDMAN & TAITELMAN LLP

By: /s/ Bryan J. Freedman
Bryan J. Freedman
Attorneys for Plaintiff Raw Talent, Inc.

DATED: April 5, 2012     LAW OFFICES OF JOSHUA G. BLUM, PC

By: /s/ Joshua G. Blum
Joshua G. Blum
Attorneys for Plaintiff Raw Talent, Inc.

IT IS SO ORDERED.

DATED: 4-11-12

_____
UNITED STATES MAGISTRATE JUDGE

10619.00002/109244.1

14

[PROPOSED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

# **APPENDIX A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAW TALENT, INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>BETHENNY FRANKEL, an individual; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV11-06577 DSF (FMOx)<br><br>**DECLARATION RE STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS** |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

I, the undersigned, declare as follows:

1. I have read in its entirety the PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT ("Order") entered by Order of The Honorable Fernando M. Olguin of the United States District Court for the Central District of California in this lawsuit, and know the contents thereof.

2. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.

3. I promise that I will not disclose in any manner any Confidential or Highly Confidential – Attorneys' Eyes Only Information that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

4. I submit to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of any proceeding to enforce the terms of the Order, even if such enforcement proceedings occur after termination of this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ 20___, at _____.

_____